IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOREEN PIERLE, ) | |
| ) | |
| Plaintiff ) | Cause No.: 1:23-cv-746 |
| ) | |
| vs. ) | |
| ) | |
| SKYLINE ROOFING AND SHEET ) | |
| METAL COMPANY, INC., ) | |
| ) | |
| Defendant ) | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Noreen Pierle, by counsel, and as her Complaint for Damages against Defendant, Skyline Roofing and Sheet Metal Company, Inc., states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Noreen Pierle, is a resident of Marion County in the State of Indiana and a former employee of Defendant.

2. Defendant, Skyline Roofing and Sheet Metal Company, Inc., (hereinafter referred to as "Skyline Roofing") is an employer as defined by 42 U.S.C. § 2000e(b), and 29 U.S.C. § 626, which conducts business in the State of Indiana.

3. Ms. Pierle filed a Charge of Discrimination (Charge 470-2022-03364) with the Equal Employment Opportunity Commission on or about June 17, 2022, *inter alia*, that Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. and The Age Discrimination in Employment Act, 29 U.S.C. § 626.

4. The Equal Employment Opportunity Commission pursuant to its regulations, issued to Ms. Pierle a 90-day Right to Sue letter on February 27, 2023.

5. Ms. Pierle invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff is a sixty-five (65) year old, white Catholic female, who was employed by the Defendant as an Office Administrator/Administrative Assistant beginning in October 2019, and at all relevant times met or exceeded Defendant's legitimate employment expectations.

8. Throughout the course of Plaintiff's employment, Defendant's project estimator, Michael Russell, son of owner, Paul Russell, would subject the Plaintiff to inappropriate behaviors, including: cursing, unwanted full-frontal hugs, insisting that she hold his hand, pinching and/or attempted kiss her cheek, grabbing her from behind and pulling her into him while holding his hand over her mouth, unsolicited back rubs, making Karate moves, displaying his erection, and making faces at her while making hissing or snorting sounds.

9. Throughout the course of Plaintiff's employment, Michael Russell would subject her to unwanted comments of a sexual nature, telling her that only whores wear lipstick, telling her that she is *so cute,* telling her that he almost had a boner, and telling her not to say anything or he would kill her and bury her under his porch.

10. Knowing that Plaintiff was a practicing Roman Catholic, Defendant representatives made unwanted comments about Ms. Pierle's faith, including: Jesus is the devil, priests have sex with little boys, mocking prayer and singing *Jesus Loves the Little Children*, and by changing the words to songs in order to mock Plaintiff's faith.

11. Plaintiff complained to the Defendant that the comments about her faith were unwanted, but the comments never fully ceased.

12. Defendant representatives made unwanted comments about the Plaintiff's age.

13. Michael Russell would constantly say the "N-word" in Plaintiff's presence, even after she informed him that she had many black and bi-racial family members and found the comment extremely offensive.

14. Defendant representative, Paul Russell, purchased yarmulkes for employees to wear to make fun of Michael Russell's Jewish in-laws.

15. In February 2022, Plaintiff suggested that Defendant provide her with the title HR Generalist, but Defendant representatives simply mocked Plaintiff, stating "I'm HR."

16. On or about February 11, 2022, having tired of Plaintiff's complaints of discrimination and inappropriate conduct in the workplace, Defendant terminated Plaintiff's employment and replaced her with a younger employee.

## Count I
## Sex

17.  Plaintiff incorporates by reference Paragraphs one (1) through sixteen (16) above.

18.  Defendant discriminated against Ms. Pierle on the basis of her sex when it allowed her to be subjected to numerous instances of unwanted comments and touching of a sexual nature.

19.  Defendant representatives witnessed Michael's sexual harassment, and nothing was done to him.

20. Ms. Pierle's sex was the motivating factor in Defendant's decision to subject her to a hostile work environment.

21. These actions violated Ms. Pierle's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

22. As a result of the foregoing, Ms. Pierle has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

23. As a result of Defendant's actions, Ms. Pierle has incurred attorney fees and costs.

24. Defendant's actions were done with malice or willful reckless disregard to Ms. Pierle's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count II
## Age

25. Plaintiff incorporates by reference Paragraphs one (1) through twenty-four (24) above.

26. Plaintiff is 65-years old and in a protected class by way of her age.

27. Defendant made numerous unwanted comments regarding Plaintiff's age, and then terminated her employment and replaced her with a much younger employee.

28. The Defendant's decision to terminate Plaintiff and replace her with a younger employee was because of her age.

29. Defendant's actions are in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626.

30. As a result of the foregoing, Ms. Pierle has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

31. As a result of Defendant's actions, Ms. Pierle has incurred attorney fees and costs.

32. Defendant's actions were done with malice or willful reckless disregard to Ms. Pierle's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, liquidated damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

### Count III
### Race

33. Plaintiff incorporates by reference Paragraphs one (1) through thirty-two (32) above.

34. Defendant discriminated against Ms. Pierle by creating a racially hostile work environment in which Plaintiff was subjected to racially offensive comments about blacks and Jews.

35. These actions violated Ms. Pierle's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

36. As a result of the foregoing, Ms. Pierle has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

37. As a result of Defendant's actions, Ms. Pierle has incurred attorney fees and costs.

38. Defendant's actions were done with malice or willful reckless disregard to Ms. Pierle's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

## Count IV
## Religion

39. Plaintiff incorporates by reference Paragraphs one (1) through thirty-eight (38) above.

40. Defendant discriminated against Ms. Pierle by creating a hostile work environment based on religion, in which Plaintiff was subjected to offensive comments about her religion and faith.

41. These actions violated Ms. Pierle's rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

42. As a result of the foregoing, Ms. Pierle has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

43. As a result of Defendant's actions, Ms. Pierle has incurred attorney fees and costs.

44. Defendant's actions were done with malice or willful reckless disregard to Ms. Pierle's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

## Count IV
## Retaliation

45. Plaintiff incorporates by reference Paragraphs one (1) through forty-four (44) above.

46. Plaintiff made numerous complaints to Defendant regarding actions and comments based on sex, race, and religion, under Title VII.

47. These complaints were and are protected under Title VII.

48. Defendant retaliated against Ms. Pierle by terminating her employment because of her complaints of discrimination and harassment under Title VII.

49. As a result of the foregoing, Ms. Pierle has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

50. As a result of Defendant's actions, Ms. Pierle has incurred attorney fees and costs.

51. Defendant's actions were done with malice or willful reckless disregard to Ms. Pierle's rights.

52. Defendant's retaliatory actions violate Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

<u>/s/ Paul J. Cummings</u>
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road, Ste. B
Greenwood, IN 46143
(317) 885-0041;
(888) 308-6503 Fax